UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA                    :

              -v.-                            :          14 Cr. 404 (JMF)

BRENDAN JOHNSTON,                           :
  a/k/a "BV1,"
                    Defendant.            :

------------------------------------------------------------------x


## GOVERNMENT'S SUR-REPLY TO DEFENDANT BRENDAN JOHNSTON'S REPLY TO THE GOVERNMENT'S SENTENCING MEMORANDUM


PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007


DANIEL S. NOBLE
Assistant United States Attorney
     - Of Counsel -



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 16, 2015

**BY ELECTRONIC MAIL**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street
New York, New York 10007

> Re:   <u>United States</u> v. <u>Brendan Johnston,</u>
>        14 Cr. 404 (JMF)

Dear Judge Furman:

        With leave of Court, the Government respectfully submits this letter in advance of sentencing of Brendan Johnston (the "defendant") scheduled for Thursday, June 18, 2015 at 3:30 p.m., and in response to the defendant's reply sentencing memorandum dated June 15, 2015 ("Def. Reply").

        Upon further review of the circumstances and mitigating factors in this case, and in light of the defendant's clarification concerning his knowledge of the illicit nature of the Blackshades RAT (see Def. Reply 2-3), the Government submits that a sentence below the applicable Guidelines range of 46 to 57 months' imprisonment would be reasonable in this case. As set forth in the PSR, the defendant's submissions, and ███████████████████████████ ██████████████████████, such mitigating factors include: (i) the defendant's young age (21 years old) at the time of the offense; (ii) the defendant's lack of criminal history; (iii) the documented ███████████████████ from which the defendant has suffered  since childhood, including at the time of the offense; (iv) the small amount of money that the defendant earned compared to the total revenue generated by Blackshades; and (v) Johnston's post-arrest efforts at ████████████ rehabilitation.

        Although the Government was initially concerned that the defendant's sentencing memorandum attempted unfairly to minimize the defendant's culpability and knowledge of the illicit nature of the Blackshades RAT, these concerns have now adequately been addressed in the defendant's reply.  Consistent with the defendant's proffer statements, he has now clearly acknowledged that "after he started working for Blackshades, he learned that some customers were using the products for illicit purposes."  (Def. Reply 3).  Based on the circumstances by

Hon. Jesse M. Furman
June 16, 2015
Page 2

which the defendant became involved with Blackshades and the fact that many of the RAT's features are illicit on their face, the Government maintains that the defendant was likely aware of the illicit nature and capabilities of the Blackshades RAT prior to working for Blackshades.  In any event, the defendant has acknowledged that despite learning that the RAT was being used for illegal purposes by customers, he continued to help market, sell, and oversee customer service for the RAT for many months.  Furthermore, the defendant has acknowledged that he continued to work for Blackshades for approximately 45 days even after learning that Alex Yucel, a/k/a "Marjinz," the leader of Blackshades, was able to access the computers infected with the RAT and the information stolen from victims.

   In light of these clarifications, the Government is satisfied that the defendant has accepted responsibility for his conduct consistent with the facts of the case and the defendant's earlier proffer statements.  Further, because of the mitigating factors in this case, particularly the defendant's documented struggle with ███████████████████, the Government submits that the Guidelines range of 46 to 57 months' imprisonment is greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

   Nevertheless, due to the seriousness of the offense, the defendant's role in distributing the Blackshades malware, and the need for general deterrence, the Government maintains that a sentence that includes a substantial term of incarceration is warranted.  The Government, therefore, opposes the defendant's request for a sentence of probation and the Probation Office's recommended sentence of 12 months and a day.  Instead, the Government submits that the sentence imposed on the defendant should be greater than the terms of imprisonment imposed on the individual Blackshades customers who have been prosecuted and sentenced in this District:  Kyle Fedorek (24 months), Marlen Rappa (12 months and one day); and Juan Sanchez (one year probation).

   The defendant contends that he is less culpable than the Blackshades customers because he "was not involved in using the Blackshades tools maliciously," "did not hack into victims' computers," and "did not steal anything or invade anyone's privacy."  (Def. Reply 2).  The defendant fails to acknowledge, however, that by working for Blackshades for over a year, he directly enabled hundreds, if not thousands, of customers just like Fedorek, Rappa, and Sanchez around the world to do exactly these things.  The defendant's argument is like a locksmith who sells lock picking tools to individuals he knows are going to use the tools to break into others' homes arguing that he should not be held responsible when the buyers in fact commit the burglaries.  Thus, although there is no evidence that the defendant himself used the Blackshades RAT to hack into computers (except for testing and marketing purposes, as he has acknowledged), the Government submits that he is more culpable than individual customers insofar as the defendant directly enabled such RAT users to invade victims' privacy and steal the victims' personal and financial information.

Hon. Jesse M. Furman
June 16, 2015
Page 3

    The defendant argues that the Government's "disparate treatment" of the cases of the individual Blackshades customers "undermines" the Government's general deterrence argument. (Def. Reply 2). Not so. The Government obviously exercises its prosecutorial discretion through charging decisions and sentencing arguments based upon the particular conduct and unique circumstances of each case. That the Government permitted Rappa and Sanchez to plead guilty to lesser charges did not undermine the need for the sentences imposed to be sufficient to achieve adequate deterrence in those cases. Likewise, by not objecting to a below-Guidelines sentence in this case does not eliminate the need for the sentence imposed to be sufficient to achieve adequate deterrence. Indeed, the Government has consistently urged sentencing judges in the Blackshades cases to impose sentences that are sufficiently punitive to deter others from distributing and using malware. The argument applies with equal force here.

<u>**CONCLUSION**</u>

    For the foregoing reasons, the Government respectfully requests that the Court impose a sentence below the advisory Guidelines range of 46 to 57 months' imprisonment, but above 24 months' imprisonment.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:        _____

        Daniel S. Noble
        Assistant United States Attorney
        (212) 637-2239

cc:  Michael Zweiback, Esq. (by electronic mail)